IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO FREEMAN, #1512080 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv253 |
| TDCJ DIRECTOR, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Antonio Freeman, a prisoner confined in the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis*, brings this civil rights lawsuit pursuant to title 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Freeman filed his original complaint on June 30, 2022. In this suit, he is suing Judge David Bramhama {sic}, the Longview Police Department, Judge Alton Kurry, and the Gregg County Courthouse. His claims against the TDCJ Director, Lincoln Heritage Life Insurance, Unknown Dickerson, Unknown Crosby, and the Robertson Unit Commissary have been severed and transferred to the appropriate jurisdictions. (Dkt. ##4, 5). He seeks $500 million dollars in compensatory damages, and injunctive relief in the form of correcting his county and TDCJ records, placing him in protective custody, and the return of his mother's life insurance policy. Freeman has not alleged any facts showing he was "under imminent danger of serious physical injury" at the time he filed this lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

1

Court records reveal that Freeman has a history of filing frivolous lawsuits. The following three lawsuits were dismissed as frivolous or for failure to state a claim upon which relief may be granted before the present lawsuit was filed: *Freeman v. Davis*, No. 1:16cv209 (N.D. Tex. Dec. 4, 2018) (no appeal); *Freeman v. Frost*, No. 1:18cv074 (N.D. Tex. May 22, 2018), *appeal dism'd w.o. prej.*); and *Freeman v. Davis*, No. 1:18cv082 (N.D. Tex. June 13, 2018) (no appeal).

In addition to Freeman's multiple lawsuits that were dismissed as malicious and frivolous pursuant to 28 U.S.C. § 1915A(b), the Northern District of Texas has assessed a monetary sanction against Freeman because of his malicious and frivolous filings. In *Freeman v. Davis*, No. 1:19cv136 (N.D. Tex. Mar. 4, 2020), the relevant order states:

> Plaintiff is assessed a monetary sanction in the amount of $100.00, which must be paid in full before the Court will accept any further filings from Plaintiff. Plaintiff is barred from filing any new civil action, including civil rights complaints and habeas petitions, either directly in this Court or indirectly by transfer to this Court, unless he first obtains leave of court.

(Dkt. #22). Freeman has not submitted proof that he has satisfied the sanctions.  As such, the lawsuit was improvidently filed and should be dismissed in accordance with the sanctions.

This Court issued General Order 94-6 to enforce sanctions issued by other federal courts in Texas. The General Order was issued for the very purpose of stopping abusive practices of litigants such as Freeman. Courts may honor sanctions issued by another court. *Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999). The present complaint should be dismissed because Freeman has not satisfied the sanctions imposed against him in order to file the lawsuit.

The Clerk of Court should be instructed to return unfiled any document submitted by Freeman until he pays the sanctions imposed by the above reference order and shows proof that he has satisfied the sanctions imposed by the Northern District of Texas.

<u>Recommendation</u>

It is recommended that the complaint be dismissed without prejudice. The Clerk of Court should be instructed to return unfiled any document submitted by Freeman until he pays the sanctions imposed by the Northern District of Texas and shows proof that he has satisfied the sanctions imposed by the Northern District of Texas.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of July, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE